*E-FILED - 8/2/10*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ROGER SCOTT ALLEN, | ) | No. C 10-1840 RMW (PR) |
| Petitioner, | ) | ORDER OF TRANSFER |
| vs. | ) | |
| J.B. WALKER, | ) | |
| Respondent. | ) | |

Petitioner, a California proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated below, this court will TRANSFER the instant petition.

Petitioner filed a federal habeas petition. However, petitioner alleges that he is challenging his conditions of confinement. A writ of habeas corpus is not a proper vehicle to challenge conditions of confinement unrelated to the fact or duration of confinement. See Ramirez v. Galaza, 334 F.3d 850, 855 (9th Cir. 2003). A section 1983 action is a proper remedy for a state prisoner constitutionally challenging the conditions of his prison life rather than the fact or length of his custody. Ramirez, 334 F.3d at 855; see Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (challenges to conditions of confinement by state prisoners should be presented in a 42 U.S.C. § 1983 civil rights action rather than a habeas corpus petition).

Even assuming this court has subject matter jurisdiction, it lacks personal jurisdiction.

1  The acts complained of occurred in Sacramento and the petitioner is located at California State
2  Prison, Sacramento, which lies within the venue of the Eastern District of California.
3      Therefore, venue properly lies in the Eastern District.  <u>See</u> 28 U.S.C. § 1391(b).
4  Accordingly, this case is TRANSFERRED to the United States District Court for the Eastern
5  District of California.  <u>See</u> 28 U.S.C. § 1406(a).  The clerk shall transfer the entire file to the
6  Eastern District of California.
7      IT IS SO ORDERED.
8  DATED: 7/30/10

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge